UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

------------------------------------------------------------------------x
SEMTEK INTERNATIONAL INCORPORATED,
                                  Plaintiff,          Civil Action No.:
                                                         1:09-cv-10183-RWZ

   -  against –

INFORMATION SATELLITE SYSTEMS /AKA/
"ACADEMICIAN M.F. RESHETNEV INFORMATION
SATELLITE SYSTEMS" /AKA/ "ISS-RESHETNEV
COMPANY," /AKA/ "ACADEMICIAN M.F.
RESHETNEV NAUCHNO-PROIZVODSTVENNOE
OBIEDINENIE PRIKLADNOI MEKHANIKI"
/AKA/ "NPO PM,"
                                  Defendants.
------------------------------------------------------------------------x

**MOTION FOR SERVICE PURSUANT TO**
**28 USC §1608(B)(3)(B) BY THE CLERK OF THE COURT**

Comes Now Plaintiff, Semtek International, Incorporated, ("Semtek") further to its Report on Status of Service of Process, filed June 5, 2009, and respectfully moves this Court to authorize the Clerk of the Court to dispatch copies of the Complaint and Summons to foreign defendant Information Satellite Systems ("defendant ISS"), pursuant to 28 U.S.C. §1608(b)(3)(B).

On February 26, 2009, Semtek filed its complaint against defendant ISS, an agency or instrumentality of the Russian Federation which must be served pursuant to the Foreign Sovereign Immunities Act. (28 U.S.C. § 1608.) In this case, service cannot be made under 28 U.S.C. §§ 1608(b)(1) or 1608(b)(2). Specifically, 28 U.S.C. §§ 1608 (b)(1) allows for service of process under any special arrangement between a plaintiff and an agency or instrumentality. No special arrangement for service exists between Semtek and defendant ISS.

28 U.S.C. §§ 1608 (b)(2) allows for service on any agent in the United States authorized by the defendant to receive service of process. On March 9, 2009, Semtek sent via Federal Express, a package to ISS in Zheleznagorsk, Russia.  On March 16, 2009, Federal Express informed Semtek that the package had been delivered and signed for by the General Director of ISS.  The package included a letter inquiring as to the existence in the United States of an agent authorized to receive service on behalf of ISS.  (See Ex A, March 9, 2009 letter and Fed-Ex receipt.)[1]  On April 22, 2009, ISS responded to Semtek's letter via regular post, however, ISS failed to identify any agent in the United States authorized to receive service of process. Subsequently, Semtek inquired again about an authorized agent through additional correspondence sent via e-mail, fax and regular post as identified in ISS's letter.  To date there has been no response.  Accordingly, under 28 U.S.C. §1608(b)(2) defendant ISS has not authorized an agent to receive service of process in the United States.

28 U.S.C. §§ 1608 (b)(2) also allows service "in accordance with an applicable international convention on service of judicial documents."  The applicable convention is the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. However, since July, 2003 the Russian Federation is not applying the Convention with respect to the United States. According to the United States Department of State,

> "In July 2003, Russia unilaterally suspended all judicial cooperation with the United States in civil and commercial matters. The Russian Federation refuses to serve letters of request from the United States for service of process presented under the terms of the 1965 Hague Service Convention

---

[1] The Fed-Ex package also included courtesy copies in English and Russian of the Complaint and Summons.

or to execute letters rogatory requesting service of process transmitted via the diplomatic channel."[2]

28 U.S.C. §§ 1608 (b)(3) states, "if service cannot be made under paragraphs (1) or (2), and if reasonably calculated to give actual notice, by delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state—

(A) as directed by an authority of the foreign state or political subdivision in response to a letter rogatory or request, or

(B) by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served, or

(C) as directed by order of the court consistent with the law of the place where service is to be made."

28 U.S.C. §§ 1608 (b)(3)(A) cannot be effected as letters rogatory are, as noted above, being refused by the authorities of the Russian Federation. In such circumstance, Congress has authorized service on an instrumentality of a foreign state pursuant to 28 U.S.C. §§ 1608(b)(3)(B) and/or 28 U.S.C. §§ 1608 (b)(3)(C). Notably, plaintiff Semtek's letter to ISS of March 16, 2009 was signed for and received by the General Director of ISS at its headquarters in Zheleznagorsk, Russia. Plaintiff is aware of an ISS representative office in Moscow, that could also be used to effect service by mail under 28 U.S.C. § 1608(b)(3)(B). Service by mail is consistent with the law of the Russian Federation. According to information provided by the Russian Federation to the Permanent Bureau of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents,

> Writs of summons or other notices are delivered by mail or by a person who was instructed by the judge to deliver the same. . . A writ of summons addressed to an entity is served on a respective official who should sign the summons stub to confirm the receipt of the writ of summons. Should the addressee refuse to accept the writ of

---

[2] see Exhibit B, attached statement from the U.S. Department of State website. *See also* http://travel.state.gov/law/info/judicial/judicial_3831.html.

summons or another court notice, the person delivering or serving the same makes a respective note on the writ of summons or the court notice which is then returned to the court. The addressee who has refused to accept the writ of summons or another court notice is deemed to have been notified of the place, date, and time of a respective court proceeding or another particular proceeding.[3]

Plaintiff therefore requests the Court to authorize the Clerk of the Court to effect service on defendant ISS pursuant to 28 U.S.C. §1608(b)(3)(B), by dispatching copies of the summons and complaint using the United States Postal Service Global Express Guaranteed Service. For the Court's reference, a proposed letter from plaintiff Semtek to the Clerk of Court with instructions and attached documents (including Summons, Complaint, USPS air waybills and envelopes) is attached as Exhibit D ("Proposed Letter to Clerk with forms"). Subject to Court approval plaintiff Semtek will send the letter and original documents to the Clerk of the Court.

As set forth previously, the 120-day service rule does not apply to a "foreign state and its political subdivisions, agencies and instrumentalities." *See* Fed. R. Civ. P. 4(m). Nonetheless, plaintiff respectfully requests an additional 90 days to effect service pursuant to this motion or further move this Court regarding service upon defendant ISS.

Dated:  August 3, 2009
        New York, New York

                                          Respectfully submitted,

                                          KREINDLER & KREINDLER LLP


                                           /s/  Anthony Tarricone
                                          Anthony Tarricone (BBO# 492480)
                                          Joseph P. Musacchio (BBO# 365270)
                                          277 Dartmouth Street
                                          Boston, MA 02116
                                          Telephone:  (617) 424-9100

---

[3] *See* Exhibit C, "Hague Convention Service Methods for Russian Federation;" *see also* http://www.hcch.net/index_en.php?act=authorities.details&aid=699.

Facsimile:   (617) 424-9120
atarricone@kreindler.com
jmusacchio@kreindler.com

- and -

Marc S. Moller
Brian J. Alexander
100 Park Avenue
New York, New York 10017
Telephone:  (212) 687-8181
Facsimile:   (212) 972-9432
balexander@kreindler.com
mmoller@kreindler.com

*Attorneys for Plaintiff SEMTEK*

**CERTIFICATION UNDER LOCAL RULE 7.1(A)(2)**

Since the defendant has not yet been served, counsel for the plaintiff is unable to confer to narrow the issues relative to this motion.

s/s Anthony Tarricone____