# EXHIBIT A

## Proposed Letter to Clerk

November 10, 2009


Office of the Clerk, Attn:  Sarah Allison Thornton
United States District Court
District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way – Suite 2300
Boston, MA 02210

      Re:     Request for Service of Process on Defendant ISS in *Semtek v. ISS*
              Civil Action No. 09-cv-10193 (RWZ)

Dear Ms. Thornton:

      We represent Semtek International Incorporated in the above-referenced matter. Pursuant to the Court's Order and 28 U.S.C. §§ 1608(b)(3)(B), we  request that the Court Clerk dispatch copies of the Amended Complaint and Summons, in English and Russian to defendant ISS via the United States Postal Service. (USPS).

      The USPS provides international mailing via its Global Express Guaranteed Service. Global Express returns a receipt signed by the recipient. In the Russian Federation, Global Express contracts the service of Federal Express.

      We are aware of two addresses for defendant ISS, their headquarters in Zhelenagorsk and a representative office in Moscow.  The two addresses are:

      JSC Academician M.F. Reshetnev
      Information Satellite Systems
      52 Lenin St. Zheleznagorsk
      Zheleznagorsk CATE
      Krasnoyarsk Region, 662972, Russia

      JSC Academician M.F. Reshetnev
      Information Satellite Systems
      3 Mytischinskaya Ulitsa, Building 16
      Moscow, 129626, Russia

We have enclosed two copies of the Amended Complaint and Summons in English and Russian.  We have also enclosed two Global Express Guaranteed mail forms, pre-completed for defendant ISS, as well as the mail packaging envelopes. These bear our return address.

USPS rules require that Global Express Guaranteed Packages be dispatched at a postal retail counter.  Accordingly, as you did with the original Complaint, you may prefer to return the packages to us for delivery to the Post Office.  If so, please use the enclosed pre-paid Fed-Ex envelope.  We will then have the Global Express envelopes taken to the Post Office.  Once we have been notified that delivery has been accomplished we will submit the proof of delivery to the Court.

Please do not hesitate to contact me should you have any questions.

Thank you for your assistance.

Respectfully submitted,

KREINDLER & KREINDLER LLP


_____
Brian J. Alexander
Marc S. Moller
Anthony Tarricone
100 Park Avenue
New York, New York 10017
Telephone:  (212) 687-8181
Facsimile:  (212) 972-9432
balexander@kreindler.com
mmoller@kreindler.com

*Attorneys for Plaintiff SEMTEK*

GXG USPS JULY 2004 ALL RIGHTS RESERVED
...aging is the property of the U.S. Postal Service and is provided solely for use in sending Global Express Guaranteed mail. Misuse may be a violation of federal law.

▼ Pull To Open

**GLOBAL EXPRESS GUARANTEED**
UNITED STATES POSTAL SERVICE ®

International delivery by FedEx Express

**FedEx** Express

Extremely Urgent-Please Hand Deliver.

Please visit our Web site at www.usps.com/gxg for full details on shipping.

Do Not Send Cash.

We Appreciate Your Business!

GLOBAL EXPRESS
GUARANTEED
POSTAGE REQUIRED

---

**GLOBAL EXPRESS GUARANTEED**
UNITED STATES POSTAL SERVICE ®

GXG International Air Waybill

**1 From** Please print and press hard.

Date MM/DD/YY

Sender's Name KREINDLER ALEXANDER & KREINDLER   Phone 212 687 8181

Company KREINDLER & KREINDLER

Address 100 PARK AVE

18TH FLOOR

City NEW YORK   State NY   ZIP Code 10017

Country U.S.

**2 To**

Recipient's Name J.S.C. M.F. RESHETNEV   Phone 495-687-3597

Company INFORMATION SATELLITE SYSTEMS

Address 3 MYTISCHNSKAYA ULITSA

BUILDING 16

City MOSCOW   State/Province   ZIP Code/Postal Code 129626

Country RUSSIA

Recipient's Tax ID Number for Customs Purposes (if applicable) ex. SSTIN/PIC/VAT/NIN/NIN

For tracking go to the USPS Web site at
www.usps.com/shipping/trackandconfirm.htm
or call 1.800.222.1811.

**3 Shipment Information**

☑ Documents Correspondence and printed matter.

☐ Non-Documents All other items. Recipient may be required to pay import duties and taxes. This shipment may be subject to inspection.

Specific Description Including Number of Each Item (and Harmonized code if known) REQUIRED

CORRESPONDENCE

Country of Manufacture U.S.

Value for Customs (US $) REQUIRED 0

Total Value for Customs (US $) 0

**4 Required Signature**

WARNING: These commodities, technology, or software were exported from the United States in accordance with Export Administration Regulations. Diversion contrary to U.S. law prohibited.

Sender's Signature:

I/We agree that the USPS terms and conditions (on the back of the Sender's Copy of this Air Waybill and in the Global Express Guaranteed Service Guide) and certain international treaties, including the Warsaw Convention, where applicable, apply and limit the liability of USPS and FedEx for loss of or damage to... I/We understand that USPS and FedEx DO NOT TRANSPORT CASH. I/We certify that this package does not contain any hazardous or restricted materials prohibited by postal regulations and does not require a Shipper's Export Declaration (SED) (formerly Shipper's Export Declaration/(SED)) and that the particulars given in the Shipment Information section are as declared. Submission of false information may result in civil or criminal penalties (18 U.S.C. 1001, 31 USC 3802).

International delivery by FedEx Express

**FedEx** Express

**USPS Tracking Number**

[barcode] 82 8015 7340

Date In MM/DD/YY   Time In ☐ AM ☐ PM

Gross/Dimensions in inches (Non-Document Shipments) Length × Width × Height

Weight lbs ___ oz.

☐ Packaging
☐ GXG Envelope or Pak
☐ Customer Packaging
☐ Box  ☐ Envelope  ☐ Other

Scheduled Delivery Date MM/DD/YY

Postage $
Insurance Fee $
PO ZIP +4 Code
Total Postage & Fees $
Employee Initials

USPS Tracking Number
8982 8015 7348

**Sender's Copy**

PS Form 10030
Rev. June 2006
PSN 7610-07-000-5654
Item 11P001 GXG USPS
Version 12.1 ©2006

▶ ▼ ▼ Pull To Open

International delivery by FedEx Express

**FedEx** Express ®

Extremely Urgent-Please Hand Deliver.

Please visit our Web site at www.usps.com/gxg for full details on shipping.

Do Not Send Cash.

We Appreciate Your Business!

Envelope

## GLOBAL EXPRESS GUARANTEED ®
UNITED STATES POSTAL SERVICE ®

**GXG International Air Waybill**

### 1 From *Please print and press hard*

| | |
|---|---|
| Date | M M D D Y Y |
| Sender's Name | BRIAN ALEXANDER |
| Company | KREINDLER & KREINDLER |
| | Phone 212 687 8181 |
| Address | 100 PARK AVE |
| | 18ᵗʰ FLOOR |
| City | NEW YORK |
| State | NY |
| ZIP Code™ | 10017 |
| Country | U.S. |

### 2 To

| | |
|---|---|
| Recipient's Name | I.S.C.M-FRESHETNEW |
| Company | INFORMATION SATELLITE |
| | Phone 391-91-2-80-08 |
| | Fax (if applicable) |
| | Dept/Floor |
| Address | 52 LENIN ST. |
| City | ZHELEZNOGORSK |
| State Province | KRASNOYARSK |
| ZIP Code Postal Code | 662972 |
| Country | RUSSIA |

Recipient's Tax ID Number for Customs Purposes (if applicable)
e.g. GST/RFC/VAT/IN/ABN

For tracking go to the USPS Web site at
www.usps.com/shipping/trackandconfirm.htm
or call 1.800.222.1811.

### 3 Shipment Information

| Specific Description Including Number of Each Item (and Harmonized code if known) REQUIRED | Country of Manufacture | Value for Customs (US $) REQUIRED |
|---|---|---|
| CORRESPONDENCE | | O |

WARNING: These commodities, technology, or software were exported from the United States in accordance with Export Administration Regulations. Diversion contrary to U.S. law prohibited.

Sender's Signature:

### 4 Required Signature

I/We agree that the USPS terms and conditions (on the back of the Sender's Copy of this Air Waybill and in the Global Express Guaranteed Service Guide) and certain international treaties, including the Warsaw Convention, where applicable, apply and limit the liability of USPS and FedEx for loss and damage. I/We understand that USPS and FedEx DO NOT TRANSPORT CASH. I/We certify that this package does not contain any hazardous or restricted materials prohibited by postal regulations and does not require the filing of Electronic Export Information/EEI (formerly Shipper's Export Declaration/SED), and that the particulars given in the Shipper's Export Declaration section are as declared. Submission of false information may result in civil or criminal penalties (18 USC 1001, 31 USC 3802).

International delivery by FedEx Express

**FedEx** Express ®

☑ Documents
Correspondence and printed matter.

☐ Non-Documents
A customs value, postage duties and taxes. This shipment may be subject to inspection.

Total Value for Customs (US $)

| Postal Use Only | Date In | Time In | Weight | Scheduled Delivery Date |
|---|---|---|---|---|
| | M M D D Y Y | ☐ AM ☐ PM | lbs. ____ oz. | M M D D Y Y |

Dimensions in Inches (Non-Document Shipments)
___ x ___ x ___

**Packaging**
☐ GXG Envelope or Pak
☐ Customer Packaging
☐ Box
☐ Envelope
☐ Other

| PO ZIP (+4) Code | Postage $ | Insurance Fee $ | Total Postage & Fees $ |
|---|---|---|---|
| | | 8982 8015 7337 | |

USPS Tracking Number

‖‖‖‖‖ 8280157336

Sender's Copy

PART 165939
Rev. Date 4/06
PRINTED IN USA
Item 11PEP1 GGG USPS
Version 22.4/2006

POSTAGE REQUIRED

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

SEMTEK INTERNATIONAL INC.,

V.

INFORMATION SATELLITE SYSTEMS,

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: 1:09−CV−10183−RWZ

TO:(Name and address of Defendant)

```
JSC Academician M.F. Reshetnev
Information Satellite Systems
52 Lenin St. Zheleznagorsk
Zheleznagorsk CATE
Krasnoyarsk Region, 662972, Russia
```

**YOU ARE HEREBY SUMMONED** and required to serve on

```
Kreindler & Kreindler LLP
100 Park Avenue − 18th Floor
New York, New York  10017
```

60

an answer to the complaint which is served on you with this summons, within 20 days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

**SARAH ALLISON THORNTON**

CLERK

/s/ − Kathy Boyce

(By) DEPUTY CLERK

ISSUED ON 2009−02−06 17:00:39.0, Clerk
USDC DMA

# ФЕДЕРАЛЬНЫЙ ОКРУЖНОЙ СУД СОЕДИНЁННЫХ ШТАТОВ АМЕРИКИ
## ОКРУГ МАССАЧУСЕТС

**SEMTEK INTERNATIONAL INC.,**

      ПРОТИВ             **ИЗВЕЩЕНИЕ О ВРУЧЕНИИ ЖАЛОБЫ ПО ГРАЖДАНСКОМУ ДЕЛУ**

**INFORMATION SATELLITE SYSTEMS,**

                      ДЕЛО № **1:09-CV-10183-RWZ**

КОМУ: (Название и адрес ответчика)

      JSC Academician M.F. Reshetnev
      Information Satellite Systems
      52 Lenin St. Zheleznagorsk
      Zheleznagorsk CATE
      Krasnoyarsk Region, 662972, Russia

**НАСТОЯЩИМ ИЗВЕЩАЕМ О ВРУЧЕНИИ ВАМ ЖАЛОБЫ** и необходимости

      Kreindler & Kreindler LLP
      100 Park Avenue – 18th Floor
      New York, New York 10017

представить ответ на указанную жалобу, вручаемую вам вместе с настоящим судебным извещением в течение 60 дней после вручения вам настоящего судебного извещения, исключая день вручения. В случае невыполнения указанного предписания нами будет принято заочное судебное решение против ответчика по удовлетворению требований настоящей жалобы. Любой ответ, представляемый вами каждой из сторон по настоящему судебному делу, должен быть подан секретарю данного суда в надлежащий период времени после вручения указанного извещения.

**SARAH ALLISON THORNTON** (САРА ЭЛЛИСОН ТОРНТОН)

_____

СУДЕБНЫЙ СЕКРЕТАРЬ

                              МЕСТО ПЕЧАТИ
               ФЕДЕРАЛЬНЫЙ ОКРУЖНОЙ СУД США
                    ОКРУГ МАССАЧУСЕТС
/ПОДПИСЬ/ - **Kathy Boyce** (Кейти Бойс)           **СУДЕБНОЕ ИЗВЕЩЕНИЕ**

_____    ВЫДАНО 2009-02-06 17:00:39.0, СЕКРЕТАРЬ
ЗАМЕСТИТЕЛЬ СУДЕБНОГО СЕКРЕТАРЯ                 ФОССША ОМ

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

------------------------------------------------------------------------x

SEMTEK INTERNATIONAL INCORPORATED,

<table>
<tr><td></td><td>Plaintiff,</td><td>Civil Action No.:</td></tr>
<tr><td></td><td></td><td>1:09-CV-10183-RWZ</td></tr>
</table>

- against –

INFORMATION SATELLITE SYSTEMS /AKA/
"ACADEMICIAN M.F. RESHETNEV INFORMATION
SATELLITE SYSTEMS" /AKA/ "ISS-RESHETNEV           **AMENDED**
COMPANY," /AKA/ "ACADEMICIAN M.F.                 **COMPLAINT**
RESHETNEV NAUCHNO-PROIZVODSTVENNOE
OBIEDINENIE PRIKLADNOI MEKHANIKI"
/AKA/ "NPO PM,"

Defendants.

------------------------------------------------------------------------x

Plaintiff SEMTEK INTERNATIONAL INCORPORATED ("SEMTEK"), by and
through its counsel Kreindler & Kreindler LLP, sues defendant, INFORMATION SATELLITE
SYSTEMS /AKA/ "ACADEMICIAN M.F. RESHETNEV INFORMATION SATELLITE
SYSTEMS" /AKA/ "ISS-RESHETNEV COMPANY" ("ISS") /AKA/ "ACADEMICIAN M.F.
RESHETNEV NAUCHNO-PROIZVODSTVENNOE OBIEDINENIE PRIKLADNOI
MEKHANIKI" /AKA/ "NPO PM," ("NPO PM") and alleges, upon information and belief, as
follows:

1.     This is an action supplementary to and in aid of collection of a judgment for
money and injunctive relief entered on April 12, 2000 in the U.S. District Court, District of
Massachusetts, Case No. 95-CV-11820 (RCL), against MERKURIY LTD ("MERKURIY") and
PYOTR SIVIRIN ("SIVIRIN") in favor of plaintiff SEMTEK in the sum of $381,396,000.00

(Exhibit A), plus interest and costs.  No part of that judgment has been paid except for cash and stock of a total value less than $15,000 recovered from a creditor of MERKURIY in *In re Leap Wireless*, U.S. Bankruptcy Court for the Southern District of California (San Diego) Case No. 03-03470A11-03535A11. Plaintiff SEMTEK seeks by this action a declaration that the judgment entered against MERKURIY and SIVIRIN is enforceable against defendant ISS, as successor in interest to and/or alter ego of the judgment debtors, MERKURIY and SIVIRIN and entry of judgment against ISS in the sum of $381,396,000, plus interest and costs less the credits noted herein.

### Parties

2.      Plaintiff SEMTEK, is a corporation organized and existing under and by virtue of the laws of the State of New Jersey and is the successor by merger to Semtek International Incorporated, a corporation which had been organized and had existed under and by virtue of the laws of the Commonwealth of Massachusetts, with its principal place of business within this District.

3.      Defendant ISS is a Russian company organized and existing under and by virtue of the laws of the Russian Federation, with its principal place of business in Krasnoyarsk, Russia.

4.      Defendant ISS is an agency or instrumentality of the Russian Federation as defined under 28 U.S.C. § 1603(b) and is wholly owned by the Russian Federation.

5.      ISS is a leading satellite communications company which is in the business of designing, manufacturing, and operating various satellite systems with global reach, including the Loutch (a/k/a Luch) satellite, which was the subject of plaintiff SEMTEK's dispute with and resulting judgment against MERKURIY and SIVIRIN in Case No. 95-CV-11820 (RCL).

## Jurisdiction and Venue

6.     This Court has jurisdiction under Federal Rule of Civil Procedure 69(a) to enforce

its own judgments. This Court has ancillary jurisdiction over this action which is supplementary

to and in aid of the judgment for money and injunctive relief entered on April 12, 2000, in this

Court, Case No. 95-CV-11820 (RCL), against MERKURIY and SIVIRIN in favor of plaintiff

SEMTEK in the sum of $381,396,000.00, plus interest and costs.  No part of that judgment has

been paid except as specified above at paragraph 1.

7.     This Court has jurisdiction to hear this action under 28 U.S.C. § 1605(a)(1)

because ISS has implicitly and expressly waived its immunity by acquiring the liabilities and

obligations of its predecessors- in-interest and alter egos described herein which were subject to

the judgment and is also bound by their failure to raise any immunity defense.

8.     This Court also has jurisdiction to hear this action under 28 U.S.C. § 1605(a) (2)

because it involves instrumentalities and/or agencies of a foreign state not entitled to immunity

under 28 U.S.C. §§ 1603, et seq. of the Foreign Sovereign Immunities Act (FSIA). The

commercial activity exception of the FSIA is applicable as a result of the conduct of ISS's

predecessors-in-interest and alter egos, which was the basis of the aforementioned judgment.

Specifically, ISS's predecessors-in-interest and alter egos entered into an agency agreement with

SEMTEK, then a Massachusetts company, which called for SEMTEK to provide services to be

performed primarily in the United States, including the marketing and development of the

Loutch and other satellites for commercial purposes in the United States. (Exhibit B –

authorizing "SEMTEK . . . to act as its agents in marketing communications channels of the

Luch [Loutch] satellite . . . . for joint commercial use in the United States of America.") These

commercial activities, including the breach of the agency agreement and related fraud and

misrepresentations, by ISS's predecessors-in-interest and alter egos in the United States and elsewhere had a direct effect on SEMTEK in the United States. Specifically, in reliance on the agency agreements, SEMTEK performed technical and regulatory due diligence with NASA and the FCC, funded market studies and planned for use of the Loutch satellites at the Washington International Teleport and development of related infrastructure in the United States. Also, in furtherance of the agency agreements, ISS's predecessors-in-interest and alter egos came to the United States to assist SEMTEK in marketing commercial satellite services, including use of the Loutch satellites, in the United States. In addition, as part of the fraud claims incorporated by the judgment, ISS's predecessors-in-interest and alter egos used the wires of the United States to deprive SEMTEK of the amounts due and to become due under the agency agreement. ISS's predecessors-in-interest and alter egos continued to develop and market commercial satellite services, including the Loutch satellites, in the United States after breaching the agency agreement in violation of the injunctive relief ordered by the Court. The tangible and intangible assets, liabilities and obligations of Defendant ISS's predecessors-in-interest and alter egos were transferred or acquired and are presently in the possession and control of Defendant ISS. The liabilities and obligations acquired by ISS include the aforementioned judgment entered as a result of the breach of the agency agreement with SEMTEK. The assets of ISS include control of the commercial satellite communications business which was the subject of the agency agreement and possession of the Loutch satellites and related licenses. In addition, ISS engages in commercial activities in the United States by contracting with U.S. companies for satellite components and repeatedly and continuously utilizing United States financial institutions for essential services and payment in connection with its worldwide satellite business.

4

9.     This Court also has jurisdiction to hear this action under 28 U.S.C. §§ 1331 and 1332.  Jurisdiction of the claims in this action also exists pursuant to 28 U.S.C. § 2201 (Declaratory Judgment Act), under which this Court may declare the rights and other legal relations of the interested parties, and which declaration shall have the force and effect of a final judgment or decree.

10.     Venue is appropriate in this jurisdiction under 28 U.S.C. § 1391(f) (1).

### Procedural Background

11.     Semtek filed a complaint against MERKURIY and SIVIRIN asserting causes of action for fraud, RICO and breach of contract, fiduciary duties and the agency agreement. MERKURIY and SIVIRIN were alleged to have fraudulently breached a series of agreements which authorized Semtek to market, lease, sell or otherwise assign satellite communications services primarily in the United States, including specific and exclusive authority to market commercial communications channels and services on the Loutch and other satellites. (Exhibit B.) The Semtek complaint alleged that in addition to defendants' breach of these agreements and related false representations, MERKURIY and SIVIRIN used the wires of the United States in furtherance of their fraud and racketeering activities.

12.     On April 24, 1996, a default judgment was entered against MERKURIY and SIVIRIN in Case No. 95-CV-11820 (RCL).

13.     On August 13, 1996, this Court vacated the default judgment against MERKURIY and SIVIRIN.

14.     On March 4, 1999, a second default was entered against MERKURIY and SIVIRIN.

5

15.     Subsequently, this Court vacated the second default based on representations that MERKURIY and SIVIRIN would defend the case on the merits.

16.     On April 12, 2000, this Court entered a default judgment for both monetary and injunctive relief against MERKURIY and SIVIRIN based on their failure to comply with Court ordered discovery and to appear as required.  MERKURIY was enjoined from engaging in any act thwarting the purpose of the agency agreement alleged in the Complaint, i.e., authorizing plaintiff SEMTEK to market use of the communication channels on Loutch satellite systems.

17.     The full amount of the judgment, namely $381,396,000 plus interest, remains outstanding and unsatisfied except as specified in Paragraph 1 above.

### Factual Allegations

18.     MERKURIY was a Russian company organized under and by virtue of the laws of the Russian Federation, with its principal place of business in Krasnoyarsk, Russian Federation.  MERKURIY was engaged in the business of the commercialization of existing satellite capacities on various satellite systems, including the Loutch (a/k/a Luch) satellite which was the subject of plaintiff SEMTEK's dispute with and resulting judgment against MERKURIY in Case No. 95-CV-11820 (RCL).

19.     NPO PM was a Russian company organized under and by virtue of the laws of the Russian Federation, with its principal place of business in Krasnoyarsk, Russian Federation. Prior to the merger with defendant ISS, NPO PM developed, manufactured, operated and maintained satellites, including the Loutch (aka Luch) series satellites and provided commercial satellite communication services to various customers around the world.

20.     The Loutch (a/k/a Luch) satellite was designed, manufactured, operated and maintained by NPO PM, which is now defendant ISS.

6

21. NPO PM was an alter ego of and/or successor in interest to judgment debtor MERKURIY.

22. Following the entry of the aforementioned default judgments by this Court, SIVIRIN, MERKURIY and NPO PM created a successor entity by transferring MERKURIY's assets and liabilities into a new company, MERCURY TELESAT, for the purpose of continuing their commercial satellite communications business under a new name and to avoid the judgments.

23. MERCURY TELESAT was a Russian company organized and existing under and by virtue of the laws of the Russian Federation, with its principal place of business in Krasnoyarsk, Russian Federation. MERCURY TELESAT was an alter ego of and/or successor in interest to judgment debtor MERKURIY.

24. MERCURY TELESAT was a mere continuation of MERKURIY as demonstrated by the continuity of management, personnel, location, assets and general business operations. Specifically, MERCURY TELESAT retained the same Executive Director (SIVIRIN), and other officers, who continued the same commercial satellite communications business operations, using the same equipment, licenses and other assets at the same business location in Krasnoyarsk, Russian Federation.

25. At all relevant times herein, NPO PM, by and through its officers, directors, agents or representatives, owned a majority of the shares of and otherwise exercised legal and functional control over MERKURIY and MERCURY TELESAT. The senior executive officers and directors of MERKURIY and MERCURY TELESAT were simultaneously senior executive officers and directors of NPO PM. Specifically, the President and Chairman of the Board of MERKURIY, Mihail F. Reshetnev, was simultaneously the General Director and General

Designer of NPO PM. SIVIRIN, the Executive Director of MERKURIY and its successor, MERCURY TELESAT, was simultaneously Deputy Director and Deputy General Designer of NPO PM.

26.     NPO PM, MERKURIY and MERCURY TELESAT operated in the same location in Krasnoyarsk, Russian Federation, used the same equipment, licenses, and other assets, signed documents in dual capacities on behalf of both NPO PM and MERKURIY, commingled funds, and otherwise engaged in a common enterprise involving the commercial satellite communications business in disregard of the separate nature of the business entities.

27.     MERKURIY is no longer in existence and its assets and liabilities were merged with or transferred to its alter egos and/or successors in interest MERCURY TELESAT and NPO PM, which is now defendant ISS.

28.     MERCURY TELESAT is no longer in existence and its assets and liabilities (including those of MERKURIY) were merged, transferred or otherwise acquired by its alter ego and/or successor in interest NPO PM, which is now defendant ISS.

29.     On or about March 3, 2008, pursuant to an order of the Russian Federation, ISS was established by the acquisition, transfer or merger of NPO PM's assets and obligations.

30.     SIVIRIN is a Russian citizen and at all times relevant hereto was acting in concert with and as a principal, agent, director and/or officer of MERKURIY, MERCURY TELESAT and NPO PM, which is now defendant ISS.

31.     As a result of these corporate transformations, the tangible and intangible assets and liabilities of NPO PM, including but not limited to the assets and liabilities of MERKURIY and its successor in interest MERCURY TELESAT which were previously merged with or controlled by NPO PM, were transferred to, acquired by or merged with ISS.

32.     ISS is a successor in interest to NPO PM, MERCURY TELESAT and MERKURIY.

33.     As a result of the acquisition of NPO PM's assets and liabilities, ISS continues to service the same NPO PM customers, retain the same NPO PM employees, and operate through the same executive officers and directors at the same location.

34.     Upon information and belief, MERKURIY's successor, ISS, has recently developed a Loutch Satellite which will be set at the same geostationary slot as the satellite identified in the underlying Semtek-Merkuriy agency agreement, in violation of the injunctive relief ordered by this Court.

## Cause of Action for Declaratory Judgment

35.     Plaintiff SEMTEK repeats and re-alleges each of the allegations set forth in paragraphs 1 through 31 above.

36.     Plaintiff SEMTEK is entitled to a declaratory judgment declaring that:

(a)     Defendant ISS, NPO PM, MERCURY TELESAT and MERKURIY are alter egos of each other.

(b)     Defendant ISS is a successor in interest to NPO PM, MERCURY TELESAT and MERKURIY.

(c)     Plaintiff SEMTEK is entitled to a further declaration that the judgment previously entered against defendant MERKURIY and SIVIRIN in Case No. 95-CV-11820 (RCL), is enforceable against defendant ISS, and that SEMTEK is entitled to orders of attachment for such assets of the defendant as may satisfy the aforesaid judgment and to enforce the injunctive relief provided for therein against said defendants.

(d)    Plaintiff SEMTEK is entitled to the entry of judgment against ISS in the sum of $381,396,000 plus interest and costs (less the $15,000 collected as specified in Paragraph 1 above) by reason of being the alter ego and successor in interest as stated herein.

WHEREFORE, plaintiff SEMTEK demands the entry of judgment against defendant ISS in the sum of $381,396,000, plus interest from April 12, 2000, (less the $15,000 collected as specified in Paragraph 1 above) and for injunctive relief against said defendant and that plaintiff has execution thereon and a declaration that:

(a)    Defendant ISS, NPO PM, MERCURY TELESAT and MERKURIY are alter egos of each other.

(b)    Defendant ISS is a successor in interest to NPO PM, MERCURY TELESAT and MERKURIY.

(c)    Defendant ISS assumed the obligations of NPO PM, MERCURY TELESAT AND MERKURIY.

(c)    Plaintiff SEMTEK is entitled to a further declaration that the judgment previously entered against MERKURIY and SIVIRIN in Case No. 95-CV-11820 (RCL) is enforceable against defendant ISS and that SEMTEK is entitled to orders of attachment for such assets of the defendant ISS as may satisfy the aforesaid judgment and the injunctive relief specified therein.

Dated:   October 28, 2009
         Boston, Massachusetts

                                        Respectfully submitted,

                                        KREINDLER & KREINDLER LLP

                                        s/s Anthony Tarricone
                                        Anthony Tarricone (BBO# 492480)
                                        Joseph P. Musacchio (BBO# 365270)
                                        277 Dartmouth Street
                                        Boston, MA 02116
                                        Telephone:  (617) 424-9100
                                        Facsimile:  (617) 424-9120
                                        atarricone@kreindler.com
                                        jmusacchio@kreindler.com
                                             - and -

                                        Marc S. Moller
                                        Brian J. Alexander
                                        100 Park Ave.
                                        New York, New York 10017
                                        Telephone:  (212) 687-8181
                                        Facsimile:  (212) 972-9432
                                        balexander@kreindler.com
                                        mmoller@kreindler.com

                                        *Attorneys for Plaintiff SEMTEK*

11

# EXHIBIT A

## Judgment

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SEMTEK INTERNATIONAL INCORPORATED )
           Plaintiff )
            )
v. )           Civil Action
            )           No. 95-CV-11820-RCL
MERKURIY LTD. AND PYOTYR SIVIRIN, )
           Defendants )
            )

### JUDGMENT

    Defendants defaulted in appearance and their default was entered on January 9, 1996. On April 24, 1996, default judgment was entered against them in the amount of $381,396,000.00. Thereafter the judgment against them was vacated, with leave to file an answer. Once again the defendants defaulted, and on May 4, 1998, their default was entered. On May 11, 1998, the defendants filed a motion to vacate the notice of default. On May 29, 1998, the Court ruled that "the plaintiff has made effective service and there is no basis for vacating the default." The defendants made a second motion to vacate the default which the Court allowed based on the indication "that the defendants will defend this case on the merits".

    The defendants have since failed to present themselves for deposition at Stockholm, Sweden, pursuant to the agreed upon discovery plan. They have failed to produce documents that they were required to produce under this Court's order of August 4, 1999. The defendants' counsel have withdrawn, and defendants, despite notice that they would be defaulted, did not appear for the status conference scheduled for April 12, 2000.

I hereby . . . . . . . 4/13/6 that . . . . . . . . . .
☐ electronic docket in the captio . . . . . .
☐ electronically filed original file . . . . . .
☐ original filed in my office on . . . . . .
Sarah A. Thornton
Clerk, U.S. District Cour
District of Massachusetts
By:
Deputy Clerk

Accordingly their default is entered and it is

ORDERED AND ADJUDGED that plaintiff recover from defendants the sum of $381,396,000.00 with interest thereon from July 1, 1995, until paid, together with costs to be taxed by the Clerk; and it is further

ORDERED AND ADJUDGED that defendant Merkuriy Ltd., be, and it is hereby enjoined from engaging in any act thwarting the purpose of the agency agreement alleged in the complaint including entering into or carrying out any agreement with Transworld Communications Ltd. or Lockheed Martin Corporation as successor by merger to Martin Marietta Corporation which would have the effect of thwarting said agency agreement.

United State District Judge

DATED:        Boston, Massachusetts
              April 12, 2000

# EXHIBIT B

## Letter from Merkuriy to Semtek

**Коммерческая компания "МЕРКуРИЙ ЛТД"**

660003, г.Красноярск, ул. Ленина 92
Телеграфный адрес "БУЛКАН"
Тел. (0-391-37) 3-20-49

№ _12/0-93_ от _8_ _февраля_ 1993 г.

На № _____ от _____ 199 __ г.

США, Concord, MA 01742
FAX 617.861.1071

Доктору Эдварду Шапиро
Президенту компании
СЕМТЕК ИНТЕРНЭШНЛ ИНКОРПОРЭЙТЕД

Уважаемый доктор Шапиро

Сообщаю Вам, что настоящим письмом компания Меркурий ЛТД делигирует права компании США Семтек Интернэшнл Инкорпорэйтец и её представителям выступать в качестве агента при поиске клиентов желающих использовать на правах аренды ретрансляционные каналы на спутнике Луч для обмена (передачи) видеоинформацией.

Это же письмо может служить основанием для обращения в федеральную комиссию по связи США на получение права совместного го использования ретрансляционных каналов спутника Луч как на территории США, так и между Россией и США.

С теплыми и наилучшими пожеланиями

П.Скворин

The following is a translation of the authorization letter from Merkuriy LTD (Krasnoyarsk, Russian Federation) to SEMTEK International Inc.(Concord, MA, USA) to market transmission facilities of the Luch series of communication satellites:

Dr. Edward Shapiro, President
SEMTEK International Inc.
Concord, MA 01742

Dear Dr. Shapiro:

I would like to bring to your attention that MERKURIY LTD has authorized SEMTEK International Incorporated and its representatives to act as its agents in marketing communication channels of the LUCH satellite.

This letter can be used to support SEMTEK' application to the US Federal Communication Commission to be licenced for employing the LUCH satellite for joint commercial use in the United States of America as well as for communication between the USA and Russian Federation.

With warmest and best regards,

P. Sivirin

## Ivette Encarnacion

| | |
|---|---|
| **From:** | Lisa McGonagle |
| **Sent:** | Wednesday, October 28, 2009 4:07 PM |
| **To:** | Brian J. Alexander; Ivette Encarnacion |
| **Cc:** | Joseph Musacchio |
| **Subject:** | FW: Activity in Case 1:09-cv-10183-RWZ Semtek International Inc. v. Information Satellite Systems Amended Complaint |

**From:** ECFnotice@mad.uscourts.gov [mailto:ECFnotice@mad.uscourts.gov]
**Sent:** Wednesday, October 28, 2009 4:05 PM
**To:** CourtCopy@mad.uscourts.gov
**Subject:** Activity in Case 1:09-cv-10183-RWZ Semtek International Inc. v. Information Satellite Systems Amended Complaint

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### United States District Court

### District of Massachusetts

## Notice of Electronic Filing

The following transaction was entered by Tarricone, Anthony on 10/28/2009 at 4:04 PM EDT and filed on 10/28/2009

| | |
|---|---|
| **Case Name:** | Semtek International Inc. v. Information Satellite Systems |
| **Case Number:** | 1:09-cv-10183 |
| **Filer:** | Semtek International Inc. |

**Document Number:** 7

**Docket Text:**
**AMENDED COMPLAINT against Information Satellite Systems, filed by Semtek International Inc.. (Attachments: # (1) Exhibit Ex A: Judgment, # (2) Exhibit EX B)(Tarricone, Anthony)**

**1:09-cv-10183 Notice has been electronically mailed to:**

Anthony Tarricone    atarricone@kreindler.com, lmcgonagle@kreindler.com

**1:09-cv-10183 Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**yes
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1029851931 [Date=10/28/2009] [FileNumber=3083572-
0] [2f8d6c17b89dfebbb1fdf743b6e101826836a08d126c88296c3eaaaf536897d95c
66706162c2cfd0b0ba29ac548d44a7b7fe1a850ffeefe0e8e06f681801dab9]]
**Document description:**Exhibit Ex A: Judgment
**Original filename:**yes
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1029851931 [Date=10/28/2009] [FileNumber=3083572-
1] [7af3594b90bce7177c544faf07172ba88f0694dc91b765895260c85d2df4eeb9c7
8566b14886dda2f2fb105bd21f2b1850852b8ab54dcb1273fe4d5df07bbb58]]
**Document description:**Exhibit EX B
**Original filename:**yes
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1029851931 [Date=10/28/2009] [FileNumber=3083572-
2] [3dbe9c7123b8d07cc066bfa9b609b1f7378b91662f012033d4d095d7c38640d90a
1eefebc8817ed1ef8eedd431e2209b04e5a96c014d3923989825ce7e612bb4]]

ФЕДЕРАЛЬНЫЙ ОКРУЖНОЙ СУД СОЕДИНЁННЫХ ШТАТОВ АМЕРИКИ
ОКРУГ МАССАЧУСЕТС

-----------------------------------------------------------------------------x

SEMTEK INTERNATIONAL INCORPORATED

                                    Истец,                         Гражданское дело №
                                                                   1:09-CV-10183-RWZ

-     против  -                                                    **ЖАЛОБА**
                                                                   **С ПОПРАВКАМИ**

INFORMATION SATELLITE SYSTEMS /ИНАЧЕ НАЗЫВАЕМЫЙ/
"ACADEMICIAN M.F. RESHETNEV INFORMATION
SATELLITE SYSTEMS" /ИНАЧЕ НАЗЫВАЕМЫЙ/ "ISS-RESHETNEV
COMPANY", /ИНАЧЕ НАЗЫВАЕМЫЙ/ "ACADEMICIAN M.F.
RESHETNEV NAUCHNO-PROIZVODSTVENNOE
OBIEDINENIE PRIKLADNOI MEKHANIKI"
/ИНАЧЕ НАЗЫВАЕМЫЙ/ "NPO PM,"

                                    Ответчики,

-----------------------------------------------------------------------------------x

        Истец в лице SEMTEK INTERNATIONAL INCORPORATED ("SEMTEK"),
по согласованию и посредством юридической фирмы Kreindler & Kreindler LLP
предъявляет иск ответчику в лице INFORMATION SATELLITE SYSTEMS
/ИНАЧЕ НАЗЫВАЕМЫЙ/ "ACADEMICIAN M.F. RESHETNEV INFORMATION
SATELLITE   SYSTEMS"   /ИНАЧЕ   НАЗЫВАЕМЫЙ/   "ISS-RESHETNEV
COMPANY"  ("ISS")  /ИНАЧЕ  НАЗЫВАЕМЫЙ/  "ACADEMICIAN  M.F.
RESHETNEV NAUCHNO-PROIZVODSTVENNOE OBIEDINENIE PRIKLADNOI
MEKHANIKI" /ИНАЧЕ НАЗЫВАЕМЫЙ/ "NPO PM", ("NPO PM") и, на основании
имеющихся у заявителя сведениях и предположениях, заявляет следующее:

        1.      Настоящее дело возбуждено в дополнение и для содействия в
исполнении судебного решения о присуждении денежной суммы и судебного
запрета, вынесенного 12 апреля 2000 года Федеральным окружным судом штата
Массачусетс, дело № 95-CV-11820 (RCL) против MERKURIY LTD ("MERKURIY")
и PYOTR SIVIRIN ("SIVIRIN") в пользу истца в лице SEMTEK в размере
381.396.000.00 долларов США (представленный документ A) плюс проценты и
судебные расходы. Выплата во исполнение какой-либо части судебного решения о
присуждении денежной суммы не произведена, за исключением выплаты наличных
и акционерного капитала на общую сумму менее 15.000 долларов США,
взысканных с кредитора MERKURIY *Leap Wireless*, Суд США по делам
несостоятельности для южного округа штата Калифорния (Сан-Диего), дело № 03-

1

03470A11-03535A11. Возбуждая настоящее судебное дело, истец в лице SEMTEK требует объявления судебного решения, вынесенного против MERKURIY и SIVIRIN, в качестве имеющего исковую силу и могущего быть принудительно осуществлённым против ответчика в лице ISS, как правопреемника и/или *alter ego* MERKURIY и SIVIRIN, являющихся должниками, против которых вынесено данное судебное решение, а также вынесения судебного решения против ISS о взыскании суммы в размере 381.396.000.00 долларов США плюс проценты и судебные расходы, за исключением вышеупомянутых произведённых выплат.

### Стороны судебного дела

2.      Истец в лице SEMTEK является корпорацией, организованной и существующей  в соответствии и на основании законов штата Нью-Джерси,  а также  правопреемником посредством слияния с компанией Semtek International Incorporated, организованной и существовавшей в соответствии и на основании законов Содружества Массачусетс, с главным местом ведения коммерческой деятельности в данном округе.

3.      Ответчик в лице ISS является российской компанией, организованной и существующей в соответствии и на основании законов Российской Федерации, с главным местом ведения коммерческой деятельности в г. Красноярск, Россия.

4.      Ответчик в лице ISS является хозяйственным субъектом или организацией Российской Федерации, как определено, в соответствии с §1603 (b) 28 свода законов США, и находится в полной собственности Российской Федерации.

5.      ISS является ведущей компанией в области спутниковых систем связи и занимается проектированием, производством и эксплуатацией различных спутниковых систем глобального обслуживания, включая спутник Loutch, /иначе называемый Luch/, представляющий предмет спора истца в лице SEMTEK, результатом которого стало вынесение судебного решения против MERKURIY и SIVIRIN по делу № 95-CV-11820 (RCL).

### Юрисдикция и место рассмотрения дела

6.      Юрисдикция на приведение в исполнение своих судебных решений согласно положения 69 (a) Федеральных правил гражданского судопроизводства, распространяется на данный суд. На данный суд распространяется дополнительная юрисдикция по рассмотрению настоящего судебного дела, возбуждённого в дополнение и для содействия в исполнении судебного решения данного суда о взыскании денежной суммы и вынесения судебного запрета от 12 апреля 2000 года, дело № 95-CV-11820 (RCL), против MERKURIY и SIVIRIN в пользу истца в лице SEMTEK в размере 381.396.000.00 долларов США плюс проценты и судебные расходы. Выплата во исполнение какой-либо части данного судебного решения не произведена, за исключением указанного в параграфе 1.

7.     Юрисдикция    по    рассмотрению    настоящего    судебного    дела
распространяется на данный суд согласно §1605 (a)(1) 28 свода Законов США, в
силу того, что ISS косвенно и в прямой форме отказалась от своего иммунитета,
приняв  на  себя  юридическую  ответственности  и  обязательства  своих
предшественников в вещном праве и alter ego, указанных в данном документе, на
которых  распространялось  настоящее  судебное  решение,  а  также  в  силу  их
неспособности осуществить защиту своего иммунитета.

8.     На  настоящий  суд  также  распространяется  юрисдикция  по
рассмотрению указанного дела согласно §1605 (a)(2) 28 свода Законов США, в
силу  прохождения  по  указанному  делу  хозяйственных  субъектов  и/или
организаций  иностранного  государства,  на  которые  не  распространяется
иммунитет, согласно §1603 28 свода Законов США, *et seq.* Закона США об
иностранном суверенном иммунитете (ЗИСИ). Исключение ЗИСИ в отношении
коммерческой деятельности применимо как результат действий предшественников
ISS в вещном праве и её alter ego, что явилось основанием для вышеуказанного
судебного решения. В частности, предшественники ISS и её alter ego вступили в
посредническое соглашение с SEMTEK, являвшейся в то время компанией в штате
Массачусетс,  предусматривавшее  предоставление  компанией  SEMTEK  услуг,
главным  образом,  в  Соединённых  Штатах  Америки,  включая  проведение
маркетинга и разработку Loutch и других спутниковых систем для использования в
коммерческих  целях  в  Соединённых  Штатах  Америки  (Приложение  В –
предоставляя право «компании SEMTEK . . . выступает в качестве агента при
поиске клиентов желающих использовать ретрансляционные каналы на спутнике
Luch [Loutch] . . . для совместного использования на территории США»). Данная
коммерческая деятельность, включая нарушение указанного посреднического
соглашения, а также последовавшие за этим мошеннические действия и ложные
заявления, сделанные предшественниками ISS по вещному праву и её alter ego в
Соединённых Штатах Америки и в других местах, оказала прямое воздействие на
компнию SEMTEK в Соединённых Штатах Америки. В частности, основываясь на
указанных посреднических соглашениях, компанией SEMTEK совместно с NASA и
Федеральной Комиссией по связи были осуществлены техническая и нормативная
проверка,  финансирование  изучения  рынка,  планирование  использования
спутниковых систем Loutch в международном передающем телевизионном узле
связи в Вашингтоне, а также разработка смежной инфраструктуры в Соединённых
Штатах  Америки.  Помимо  перечисленного,  во  исполнение  указанных
посреднических соглашений, предшественники ISS по вещному праву и её alter ego
прибыли в Соединённые Штаты Америки для оказания содействия компании
SEMTEK в проведении маркетинга коммерческого использования спутниковой
связи, включая использование спутников Loutch, в Соединённых Штатах Америки.
В дополнение, обвинения в мошенничестве, включённые в указанное судебное
решение, заключаются в использовании предшественниками ISS по вещному праву
и её alter ego телекоммуникационных средств связи Соединённых Штатов Америки
с  целью  лишения  компании  SEMTEK  указанных  сумм  долга  и  подлежащих
выплате согласно указанных посреднических соглашений. Предшественники ISS
по  вещному  праву  и  её  alter  ego  продолжали  разработку  и  маркетинг

коммерческого использования спутниковой связи, включая спутниковые системы Loutch, в Соединённых Штатах Америки вопреки указанному посредническому соглашению и в нарушение вынесенного судебного запрета. Материальные и не материальные активы, юридическая ответственность и обязательства ответчика в лице предшественников ISS по вещному праву и её alter ego были переведены или приняты на себя и в настоящее время находятся во владении и под контролем ответчика в лице ISS. Ответственность и обязательства, принятые на себя ISS, включают вышеупомянутое судебное решение, вынесенное в результате нарушения указанного посреднического соглашения с SEMTEK. Активы ISS включают таковые, связанные с управлением деятельностью по коммерческому использованию спутниковой связи, что явилась предметом указанного посреднического соглашения, а также владение спуниковыми системами Loutch и связанными с ними лицензиями. Помимо перечисленного, ISS осуществляет коммерческую деятельность в Соединённых Штатах Америки с подрядными компаниями США, занимающимися компонентами спутниковых систем, а также многократно и непрерывно использует финансовые институты Соединённых Штатов с целью получения необходимых услуг и для производства платежей, связанных с ведением деятельности по предоставлению спутниковой связи в мировом масштабе.

9.      Юрисдикция по рассмотрению указанного судебного дела распространяется на данный суд согласно §1331 и §1332 28 свода Законов США. Юрисдикция в отношении претензий по фактам указанного судебного дела также распространяется данным судом согласно §2201 28 свода Законов США (Закон о декларативном судебном решении), в соответствии с которым настоящий суд может в декларативном порядке заявить о правах и других правоотношениях заинтересованных сторон, и чьё декларативное заявление будет иметь правовую силу и последствия в качестве окончательного судебного решения или постановления.

10.     В соответствии с §1391 (f) (1) 28 свода Законов США, место рассмотрения настоящего судевбого дела является приемлемым для данной юрисдикции.

### История вопроса о процессуальных решениях

11.     Компания SEMTEK направила жалобу в отношении MERKURIY и SIVIRIN с основаниями в обвинении их в мошенничестве, действии Закона об инвестировании полученных от рэкета капиталов, а также в нарушении контракта, фидуциарной обязанности и указанного посреднического соглашения. Утверждалось, что MERKURIY и SIVIRIN обманным путём нарушили ряд соглашений, в соответствии с которыми компания Semtek получила право на маркетинг, аренду, продажу или, при отсутствии другой договорённости, предоставление услуг спутниковой связи, преимущественно, в Соединённых Штатах Америки, включая особое и исключительное право на проведение маркетинга коммерческих каналов связи и предоставления услуг с помощью

системы Loutch и других спутниковых систем (Приложение B.). В жалобе компании Semtek утверждалось, что помимо нарушения ответчиком указанных соглашений и связанных с этим ложных заявлений, MERKURIY и SIVIRIN использовали телекоммуникационные средства связи Соединённых Штатов, что способствовало осуществлению ими мошенничества и рэкета.

12.     24 апреля 1996 года по делу № 95-CV-11820 (RCL).вынесено заочное судебное решение против MERKURIY и SIVIRIN.

13.     13 августа 1996 года данным судом отменено нижеуказанное заочное судебное решение против MERKURIY и SIVIRIN.

14.     4 марта 1999 года вынесено вторичное заочное судебное решение против MERKURIY и SIVIRIN.

15.     В последующем данный суд отменил нижеуказанное вторичное заочное судебное решение на основании информации о том, что MERKURIY и SIVIRIN предпримут защиту по существу дела.

16.     12 апреля 2000 года данным судом вынесено заочное судебное решение о денежной выплате и наложении судебного запрета против MERKURIY и SIVIRIN на основании невыполнении ими постановления данного суда о предоставлении суду документации, а также неявки по требованию суда. MERKURIY было запрещено предпринимать какие-либо действия, препятствующие достижению цели соглашения данной организации, заявленной в настоящей жалобе, *то есть* уполномочивать SEMTEK проводить маркетинг использования каналов связи на спутниковых системах Loutch.

17.     Выплата полной суммы, в соответствии с данным судебным решением, в размере 381.396.000.00 долларов США плюс проценты и судебные расходы не произведена, а требование о выплате не удовлетворено, за исключением нижеуказанного в Параграфе 1.

### Заявления по факту дела

18.     MERKURIY являлась российской компанией, организованной в соответствии и на основании законов Российской Федерации, с главным местом ведения коммерческой деятельности в г. Красноярск, Российская Федерация. Деятельность MERKURIY заключалась в коммерческом использовании технических возможностей различных спутниковых систем, включавших спутник Loutch (иначе называемый Луч), ставший предметом спора со стороны истца в лице SEMTEK, результатом которого стало вынесение судебного решения против MERKURIY в деле № 95-CV-11820 (RCL).

19.     NPO PM являлся российской компанией, организованной в соответствии и на основании законов Российской Федерации, с главным местом

ведения коммерческой деятельности в г. Красноярск, Российская Федерация. До слияния с ответчиком в лице ISS, NPO PM занималось разработкой, производством, эксплуатацией и техобслуживанием спутников, включая спутники серии Loutch (также называемый Luch), а также предоставляло коммерческие услуги спутниковой связи различным зарубежным клиентам.

20.     Проектирование, производство, эксплуатация и техобслуживание спутника серии Loutch (также называемый Luch) осуществлялось NPO PM, выступающей в настоящее время в качестве ответчика ISS.

21.     NPO PM являлась *alter ego* и/или правопреемником MERKURIY, выступающей в качестве должника, против которого вынесено судебное решение.

22.     После вынесения данным судом нижеперечисленных заочных судебных решений SIVIRIN, MERKURIY и NPO PM основали организацию-правопреемник, переведя активы и задолженности MERKURIY в новую компанию, MERCURY TELESAT, с целью продолжить под новым именем предоставление коммерческих услуг связи во избежание исполнения указанных судебных решений.

23.     MERCURY TELESAT являлась российской компанией, организованной в соответствии и на основании законов Российской Федерации, с главным местом ведения коммерческой деятельности в г. Красноярск, Российская Федерация. Компания MERCURY TELESAT являлась *alter ego* и/или правопреемником компании MERKURIY, выступающей в качестве должника, против которого вынесено судебное решение.

24.     Компания MERCURY TELESAT явилась не чем иным, как продолжением MERKURIY, что проявилось в последовательном осуществлении руководства, сохранении кадров и места ведения коммерческой деятельности, а также в непрерывном использовании активов и в осуществлении общей коммерческой деятельности. Так, MERCURY TELESAT сохранила на посту прежнего исполнительного директора (SIVIRIN) и других руководящих сотрудников, которые продолжали осуществлять прежнюю коммерческую деятельность по предоставлению спутниковой связи с использованием прежних технических средств, лицензий и других активов в прежнем главном месте ведения коммерческой деятельности в г. Красноярск, Российская Федерация.

25.     В указанный период времени компания NPO PM посредством и через своих руководящих сотрудников, директоров, доверенных лиц или представителей владела большей частью акций MERKURIY и MERCURY TELESAT, а в остальном осуществляла юридический и функциональный контроль над этими компаниями. Старшие руководящие сотрудники и директора MERKURIY и MERCURY TELESAT одновременно занимали должности старших руководящих сотрудников и директоров NPO PM. Так, Mihail F. Reshetnev, являясь президентом и председателем правления MERKURIY, одновременно занимал должность генерального директора и генерального конструктора NPO PM. Г-н SIVIRIN,

6

являясь исполнительным директором MERKURIY и его правопреемника, MERCURY TELESAT, одновременно занимал должность заместителя директора и заместителя генерального конструктора NPO PM.

26.     Представители NPO PM, MERKURIY и MERCURY TELESAT осуществляли свою деятельность в прежнем месте ведения коммерческой деятельности в г. Красноярск, Российская Федерация, использовали прежние технические средства, лицензии и другие активы, а также, занимая двойные должности, подписывали документы как от имени NPO PM, так и от имени MERKURIY, объединяли фонды и капиталы, а в остальном участвовали в деятельности общего предприятия по предоставлению коммерческих услуг спутниковой связи, игнорируя раздельный характер коммерческих организаций.

27.     Компания MERKURIY прекратила своё существование. Её активы и задолженности были объединены или переведены на её *alter egos* и/или правопреемников в лице MERCURY TELESAT и NPO PM, выступающей в настоящее время в качестве ответчика ISS.

28.     Компания MERCURY TELESAT прекратила своё существование. Её активы и задолженности (включая таковые компании MERKURIY) были объединены, переведены или в других случаях приобретены её *alter ego* и/или правопреемником в лице NPO PM, выступающей в настоящее время в качестве ответчика ISS.

29.     3 марта 2008 года или приблизительно в этот день, согласно постановлению, принятому в Российской Федерации, была учреждена компания ISS, основанная посредством приобретения, перевода или объединения активов и обязательств NPO PM.

30.     Г-н SIVIRIN, являясь гражданином Российской Федерации, действовал в рассматриваемые периоды времени по соглашению и в качестве руководителя, доверенного лица, директора и/или руководящего сотрудника MERKURIY, MERCURY TELESAT и NPO PM, выступающей в настоящее время в качестве ответчика ISS.

31.     В результате нижеперечисленных корпоративных изменений материальные и нематериальные активы и задолженности NPO PM, включавшие, но не ограниченные активами и задолженностями MERKURIY и её правопреемника, MERCURY TELESAT, ранее объединённые или находившиеся под контролем NPO PM, были переведены, приобретены или объединены с ISS.

32.     ISS является правопреемником NPO PM, MERCURY TELESAT и MERKURIY.

33.     В результате указанного приобретения активов и задолженностей NPO PM, ISS продолжает обслуживать прежних клиентов NPO PM, использовать

прежний персонал NPO PM и осуществлять свою деятельность через прежних руководящих сотрудников и директоров в прежнем месте ведения коммерческой деятельности.

34.    В предположении правильности сделанного заявления, ISS, являющейся правопреемником MERKURIY, недавно разработан спутник Loutch, который займёт ту же самую геостационарную позицию, как и спутник, указанный в основополагающем ведомственном соглашении Semtek-Merkuriy, что нарушает указанный судебный запрет, наложенный данным судом.

### Основание иска для декларативного судебного решения

35.    Истец в лице SEMTEK намерен повторить и повторно выступить с каждым из нижеуказанных заявлений, содержащихся в нижеприведённых параграфах 1 - 31.

36.    Истец в лице SEMTEK сохраняет право на декларативное судебное решение и заявляет:

(a) Ответчики в лице ISS, NPO PM, MERCURY TELESAT и MERKURIY являются *alter ego* в отношении друг к другу.

(b) Ответчик в лице ISS является правопреемником NPO PM, MERCURY TELESAT и MERKURIY.

(c) Истец в лице SEMTEK уполномочен заявить далее, что предыдущее судебное решение, вынесенное против ответчика в лице MERKURIY и SIVIRIN в деле № 95-CV-11820 (RCL), имеет исковую силу и может быть принудительно осуществлено против ISS в судебном порядке, а также, что SEMTEK сохраняет право на судебное постановление об аресте таких активов указанного ответчика, которые будут способствовать выполнению судебного решения и осуществлению в принудительном порядке судебного запрета против указанных ответчиков.

(d) Истец в лице SEMTEK сохраняет право на судебное решение против ISS в сумме 381.396.000.00 долларов США плюс проценты и расходы, (за исключением выплаченных 15.000 долларов США, как указано в нижеприведённом Параграфе 1), на основании распространения на него статуса *alter ego* и правопреемника, как указано ниже.

НА ОСНОВАНИИ НИЖЕСКАЗАННОГО, истец в лице SEMTEK требует вынесения судебного решения против ответчика в лице ISS в сумме 381.396.000.00 долларов США плюс проценты за период с 12 апреля 2000 года (за исключением выплаченных 15.000 долларов США, как указано в нижеприведённом Параграфе 1), а также наложения судебного запрета на указанного ответчика.. Истец располагает исполнительным листом и заявляет, что:

(a) Ответчики в лице ISS, NPO PM, MERCURY TELESAT и MERKURIY являются *alter ego* в отношении друг к другу.

(b) Ответчик в лице ISS является правопреемником NPO PM, MERCURY TELESAT и MERKURIY.

(c) Ответчик в лице ISS принял на себя обязательства NPO PM, MERCURY TELESAT и MERKURIY.

(d) Истец в лице SEMTEK сохраняет право на последующее заявление по факту того, что предыдущее судебное решение, вынесенное против MERKURIY и  SIVIRIN в деле № 95-CV-11820 (RCL), имеет исковую силу и может быть принудительно осуществлено в судебном порядке против ответчика в лице ISS, а также, что SEMTEK сохраняет право на судебное постановление об аресте таких активов ответчика в лице ISS, которые будут способствовать выполнению судебного решения и осуществлению в принудительном порядке судебного запрета против указанных ответчиков.
.

Дата:  28 октября 2009 года
        г. Бостон, штат Массачусетс

                    Представлено с уважением,
                    KREINDLER & KREINDLER LLP


                    s/s Anthony Tarricone (Энтони Тарриконе)
                    Anthony Tarricone (BBO# 492480)
                    Joseph P. Musacchio (Джозеф П.
                    Мусаччио) (BBO# 365270)

                    277 Dartmouth Street
                    Boston, MA 02116
                    Телефон: (617) 424-9100
                    Факс:    (617) 424-9120
                    atarricone@kreindler.com
                    jmusacchio@kreindler.com

                        - и —

                    Marc S. Moller (Марк С. Моллер)
                    Brian J.Alexander (Брайен Дж.Александер)
                    100 Park Ave.
                    New York, New York 10017
                    Телефон: (212) 687-8181

Факс:      (212) 972-9432
balexander@kreindler.com
mmoller@kreindler.com


*Адвокаты истца SEMTEK*

Дело № 1:09-cv-10183-RWZ    Документ 1-2   Принято 02/06/2009    Страница 1 из 2

**ПРИЛОЖЕНИЕ А**

Дело № 1:09-cv-1182 (неразборчиво) RCL Документ 112 Принято 04 (неразборчиво) 2000 Страница 1 из 2

## ФЕДЕРАЛЬНЫЙ ОКРУЖНОЙ СУД СОЕДИНЁННЫХ ШТАТОВ АМЕРИКИ
### ОКРУГ МАССАЧУСЕТС

| | | |
|---|---|---|
| **SEMTEK INTERNATIONAL INCORPORATED**<br>истец | ) | |
| | ) | |
| **против** | ) | Гражданское дело |
| | ) | № 95-CV-11820-RCL |
| | ) | |
| **MERKURIY LTD.  И  PYOTR SIVIRIN**<br>ответчики | ) | |
| | ) | |

### СУДЕБНОЕ РЕШЕНИЕ

Вследствие неявки ответчиков в суд, информация о неявке была приобщена к материалам дела. 9 января 1996 г. 24 апреля 1996 г. против ответчиков было вынесено заочное решение суда в размере 381.396.000.00 долларов США. Впоследствии вынесенное против ответчиков указанное решение настоящего суда было отменено с разрешением подать официальный ответ. Ответчиками было повторно не выполнено постановление суда, в результате чего 4 мая 1998 года к материалам дела был приобщена информация о невыполнении. 11 мая 1998 г. ответчиками подано ходатайство об отмене уведомления о невыполнении. 29 мая 1998 года данный суд вынес постановление о «полном выполнении истцом всех надлежащих процедур и об отсутствии оснований для отмены решения о невыполнении». Ответчиками было подано вторичное ходатайство об отмене решения о невыполнении, которое было принято настоящим судом для рассмотрения на основании имевшейся информации, «что ответчики предпримут защиту по существу данного дела».

За истекший период времени ответчики не явились для дачи показаний под присягой в г. Стокгольм, Швеция, в соответствии с взаимосогласованным планом по представлению сведений и документов по делу. Ими не представлены документы, требование на представление которых было возложено на них, согласно постановлению настоящего суда от 4 августа 1999 г. Адвокат ответчиков осуществил самоотвод, а ответчики, несмотря на предупреждение о невыполнении своих обязательств в случае неявки на переговоры по рассмотрению состояния дела, намеченные на 12 апреля 2000 г., на них так и не явились.

На основании вышеизложенного, невыполнение ответчиками своих обязательств приобщается к делу, при этом суд
ВЫНОСИТ РЕШЕНИЕ И ПОСТАНОВЛЯЕТ взыскать с ответчиков в судебном порядке сумму в размере 381.396.000.00 долларов США плюс проценты, начисляемые с 1 июля 1995 г. до выплаты нижеуказанной суммы, и судебные издержки, размер которых будет определён секретарём суда. Суд также

Часть печати за подписью Сары Торнтон,                        Место печати
секретаря суда, не разборчива          Федеральный окружной суд по штату Массачусетс
                                     Внесено в список дел к слушанию

Дело № 1:09-cv-10183-RWZ   Документ 1-2   Принято 02/06/2009   Страница 2 из 2

Дело № 1:09-cv-1182 (неразборчиво) RCL Документ 112 Принято 04 (неразборчиво) 2000 Страница 1 из 2

**ВЫНОСИТ РЕШЕНИЕ И ПОСТАНОВЛЯЕТ** запретить ответчику в лице Merkuriy Ltd. предпринимать какие-либо действия, противоречащие цели соглашения данной организации, заявленной в настоящей жалобе, включая заключение или реализацию какого-либо соглашения с Transworld Communications Ltd. или Lockheed Martin Corporation, являющейся правопреемником Martin Marietta Corporation путём слияния с таковой, что могло бы противоречить указанному соглашению.

<u>(подпись)</u> _____
Окружной судья Федерального суда США

Дата:   г. Бостон, штат Массачусетс
        12 апреля 2000 г.

**Коммерческая компания "МЕРКуРИЙ ЛТД"**

660033, г.Красноярск, ул. Ленина 92
Телеграфный адрес: "ВУЛКАН"
Тел. (8-391-37) 3-20-49

№ 18/0-93 от 8 февраля 1993 г.
На № _____ от _____ 199 г.

США, Concord, MA 01442
F AX 617.861.1071

Доктору Эдварду Шапиро
Президенту компании
СЕМТЕК ИНТЕРНЭШНЛ ИНКОРПОРЭЙТЕД

            Уважаемый доктор Шапиро

        Сообщаю Вам, что настоящим письмом компания Меркурий ЛТД
делегирует права компании США Семтек Интернэшнл Инкорпорэйтед
и её представителям выступать в качестве агента при поиске
клиентов желающих использовать на правах аренды ретрансляцион-
ные каналы на спутнике Луч для обмена (передачи) видеоинформа-
цией.

        Это же письмо может служить основанием для обращения в
федеральную комиссию по связи США на получение права совместно-
го использования ретрансляционных каналов спутника Луч как на
территории США, так и между Россией и США.



    С тёплыми и наилучшими пожеланиями

                        [подпись] — П.Скипарин

The following is a translation of the authorization letter from Merkuriy LTD (Krasnoyarsk, Russian Federation) to SEMTEK International Inc.(Concord, MA, USA) to market transmission facilities of the Luch series of communication satellites:

Dr. Edward Shapiro, President
SEMTEK International Inc.
Concord, MA 01742

Dear Dr. Shapiro:

I would like to bring to your attention that MERKURIY LTD has authorized SEMTEK International Incorporated and its representatives to act as its agents in marketing communication channels of the LUCH satellite.

This letter can be used to support SEMTEK' application to the US Federal Communication Commission to be licenced for employing the LUCH satellite for joint commercial use in the United States of America as well as for communication between the USA and Russian Federation.

With warmest and best regards,


P. Sivirin