UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-------------------------------------------------------------------------x
SEMTEK INTERNATIONAL INCORPORATED,

                         Plaintiff,

- against –

INFORMATION SATELLITE SYSTEMS /AKA/
"ACADEMICIAN M.F. RESHETNEV INFORMATION
SATELLITE SYSTEMS" /AKA/ "ISS-RESHETNEV
COMPANY," /AKA/ "ACADEMICIAN M.F.
RESHETNEV NAUCHNO-PROIZVODSTVENNOE
OBIEDINENIE PRIKLADNOI MEKHANIKI"
/AKA/ "NPO PM,"

                         Defendant.
-------------------------------------------------------------------------x

Civil Action No.:
1:09-cv-10183-RWZ

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff Semtek International Incorporated ("Semtek") respectfully moves this Court pursuant to Fed. R. Civ. P. 55 and 28 U.S.C. § 1608 (e) for an entry of a Default Judgment against defendant Information Satellite Systems,(hereinafter "ISS"), a/k/a Academician M.F. Reshetnev Nauchno-Proizvodstvennoe Obiedinenie Prikladnoi Mekhaniki" a/k/a NPO PM (hereinafter "NPO PM"), for failure to plead or otherwise defend, in the sum of $381,396,000, plus interest and costs (less the credits noted herein) and restatement of the injunctive relief obtained in the original 2000 judgment as successor-in-interest to NPO PM and Merkuriy.

The Court should enter the judgment against ISS and in favor of Semtek because:

1.      This Court approved service on ISS by the United States Postal Service Global Express Guaranteed Service, and Semtek served its Complaint, Summons and Amended Complaint, both the original, in English, and a Russian translation, by that method. *See* e.g., Court Order, dated December 1, 2009. ISS received the Amended Complaint and Summons on

December 10, 2009. *See* Docket No. 10 Mail Receipts. To date, ISS has not answered or appeared in this matter. On July 27, 2010, the Clerk of Court entered a Notice of Default against ISS.[1]

2. The Amended Complaint sets out a valid claim that ISS is liable for the judgment entered by this Court on April 12, 2000 against Merkuriy and Sivirin because: (1) ISS is the surviving successor corporation of Merkuriy and NPO PM; and (2) ISS's predecessor, NPO PM, had an agency, alter ego or similar relationship with Merkuriy, wherein NPO PM exercised pervasive control over Merkuriy's assets and business activities, such that the asset transfer from Merkuriy to NPO PM to ISS constitutes a de facto merger of the three companies and is nothing more than a mere continuation of Merkuriy's business operations.

3. As set forth in greater detail in Plaintiff's Memorandum of Law, the control and transfer of access to certain NPO PM satellite assets and commercial development rights related thereto, as well as the circumstances surrounding that transfer, warrant a finding that ISS is the legal successor to Merkuriy and NPO PM and subject to successor liability, including the obligation to pay the April 12, 2000 judgment. Specifically, the record evidence set forth above demonstrates that an agency, alter ego or other relationship existed by virtue of NPO PM's active, direct and pervasive control over Merkuriy and the intermingling of assets relating to their united interest concerning the development of commercial capacity on the Loutch satellite. In addition, Merkuriy's executives were also NPO PM executives; the two entities used the same physical facilities at the K-26 complex; they shared telephone and telefax numbers; the same bank; and, the same key business asset – the commercialization of excess capacity on the Loutch satellite. Furthermore, Merkuriy was essentially without assets and ceased operations once NPO

---

[1] The Notice of Default was served by the same Court approved method and received by ISS on August 6, 2010 in Moscow, and August 10, 2010 in Zheleznogorsk. See Fawcett Aff. at ¶ 11.

PM took control of marketing the Loutch satellites. ISS assumed NPO PM's and Merkury's assets and obligations in conjunction with the 2008 merger. The NPO PM "transformation" into ISS is also a *de facto* merger or mere continuation. The new ISS is the same as the old NPO PM: same location; same officers (including Sivirin) and employees; same business activities and assets; and, same ownership interest (the state owns both entities). ISS owns the same Loutch satellite development rights once controlled and owned by NPO PM and Merkuriy.

4. By virtue of the default by an instrumentality or agency of the Russian Federation, Semtek must establish its "claim or right to relief by evidence satisfactory to the court." 28 U.S.C. §1608 (e). In evaluating plaintiff's claims, the court should accept the plaintiff's uncontested evidence and affidavits as true, and draw all reasonable inferences in plaintiff's favor. Here, plaintiff, through affidavits and documents, has presented a legally sufficient evidentiary basis for a reasonable jury to find for plaintiff.

5. This motion is based on this Motion, the accompanying Memorandum of Law, the accompanying affidavits Pierre J. Quintana and John Fawcett with attached exhibits, all of the pleadings and papers on file in this action, and on any evidence and argument which may be presented at a hearing on this motion.

6. ISS is not a minor or an incompetent person.

7. The Affidavit of John Fawcett complies with the requirements of the Servicemembers Civil Relief Act (50 U.S.C. § 521), which shows that ISS is not eligible to or currently serving in the military.

## REQUEST FOR ORAL ARGUMENT

8. Although not required by U.S.C. 1608(e), by this motion, plaintiff respectfully requests oral argument and and/or evidentiary hearing as it may assist the Court.

Dated: August 26, 2010
      Boston, Massachusetts

Respectfully submitted,

KREINDLER & KREINDLER LLP

/s/ Anthony Tarricone
Anthony Tarricone (BBO# 492480)
Joseph P. Musacchio (BBO# 365270)
277 Dartmouth Street Boston, MA 02116
Telephone: (617) 424-9100
Facsimile: (617) 424-9120
atarricone@kreindler.com
musacchio@kreindler.com

- and –

Marc S. Moller
Brian J. Alexander
100 Park Avenue
New York, New York 10017
Telephone: (212) 687-8181
Facsimile: (212) 972-9432
balexander@kreindler.com
mmoller@kreindler.com

*Attorneys for Plaintiff SEMTEK*

## RULE 7.1 CERTIFICATION

I hereby certify that Defendant has not appeared in this matter and therefore counsel has not conferred with Defendant.

                /s/ Anthony Tarricone

# CERTIFICATE OF SERVICE

## Service on Defaulting Party

I certify that a true and correct copy of the attached Motion for Entry of Default together with the Memorandum of Law with all attachments, affidavits and exhibits were sent via the U.S. Postal Service Global Express Guaranteed on August 26, 2010 to:

INFORMATION SATELLITE SYSTEMS /AKA/ "ACADEMICIAN M.F. RESHETNEV INFORMATION SATELLITE SYSTEMS" /AKA/ "ISS-RESHETNEV COMPANY," /AKA/ "ACADEMICIAN M.F. RESHETNEV NAUCHNO-PROIZVODSTVENNOE OBIEDINENIE PRIKLADNOI MEKHANIKI" /AKA/ "NPO PM,"

at the following two addresses:

Mr. V. E. Kosenko
First Deputy of General Designer
and General Director of JSC "ISS"
JSC Academician M.F. Reshetnev
Information Satellite Systems
52 Lenin St. Zheleznogorsk
Krasnoyarsky Region, 662972, Russia

Mr. V. E. Kosenko
First Deputy of General Designer
and General Director of JSC "ISS"
JSC Academician M.F. Reshetnev
Information Satellite Systems
3 Mytischinskaya Ulitsa, Building 16
Moscow, 129626, Russia

/s/ John Fawcett