UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SEMTEK INTERNATIONAL
INCORPORATED,

                Plaintiff,

     v.

INFORMATION SATELLITE SYSTEMS
/AKA/ "ACADEMICIAN M.F.
RESHETNEV INFORMATION
SATELLITE SYSTEMS" /AKA/ "ISS-
RESHETNEV COMPANY," /AKA/
"ACADEMICIAN M.F. RESHETNEV
NAUCHNO-PROIZVODSTVENNOE
OBIEDINENIE PRIKLADNOI
MEKHANIKI" /AKA/ "NPO PM,"

             Defendants.[1]

C.A. NO. 1:09-cv-10183-RWZ

## ANSWER OF THE DEFENDANT ACADEMICIAN M.F. RESHETNEV INFORMATION SATELLITE SYSTEMS TO THE AMENDED COMPLAINT

In response to the allegations in the Amended Complaint of the plaintiff, Semtek

International Incorporated ("Semtek"), the defendant, Academician M.F. Reshetnev Information

Satellite Systems ("ISS"), hereby:

     1.      Denies the allegations set forth in paragraph 1 of the Amended Complaint.

     2.      States that it is without sufficient knowledge to enable it to respond to the

allegations set forth in paragraph 2 of the Amended Complaint.

     3.      Admits in response to the allegations set forth in paragraph 3 of the Amended

Complaint only that ISS is a Russian joint stock company with a primary place of business in the

---

[1] The defendant, Academician M.F. Reshetnev Information Satellite Systems ("ISS"), sets forth the caption as styled by the plaintiff in its Amended Complaint but denies that ISS is also known as any of the trade names listed and reserves all rights to object to this characterization of the parties in the future.

Zheleznogorsk, Krasnoyarsk region, Russia, and denies any and all remaining allegations set forth in paragraph 3 of the Amended Complaint.

4.     Admits in response to the allegations set forth in paragraph 4 of the Amended Complaint only that ISS is an agency or instrumentality of the Russian Federation that is wholly owned by the Russian Federation, and denies any and all remaining allegations set forth in paragraph 4 of the Amended Complaint.

5.     Denies the allegations set forth in paragraph 5 of the Amended Complaint as stated.  To the extent that a further response is deemed necessary, ISS admits in response to the allegations set forth in paragraph 5 of the Amended Complaint only that ISS specializes in the design, development, and manufacture of high-performance spacecraft and satellite systems, and denies any and all remaining allegations set forth in paragraph 5 of the Amended Complaint.

6.     States that the allegations set forth in paragraph 6 of the Amended Complaint constitute conclusions of law to which no response is required.  To the extent that a further response is deemed necessary, ISS denies the allegations set forth in paragraph 6 of the Amended Complaint.

7.     Denies the allegations set forth in paragraph 7 of the Amended Complaint.

8.     Denies the allegations set forth in paragraph 8 of the Amended Complaint.

9.     States that the allegations set forth in paragraph 9 of the Amended Complaint constitute conclusions of law to which no response is necessary.  To the extent that a further response is deemed necessary, ISS denies the allegations set forth in paragraph 9 of the Amended Complaint.

10.     States that the allegations set forth in paragraph 10 of the Amended Complaint constitute conclusions of law to which no response is necessary.  To the extent that a further

response is deemed necessary, ISS denies the allegations set forth in paragraph 10 of the Amended Complaint.

11.     Denies the allegations set forth in paragraph 11 of the Amended Complaint as stated.  To the extent a further response is deemed necessary, ISS admits only that Semtek filed a complaint, which speaks for itself and is the best evidence of its own contents, and, therefore, ISS denies Semtek's attempt to summarize or characterize the contents of that complaint, states that no further response to the allegations set forth in paragraph 11 of the Amended Complaint is required, and denies any and all remaining allegations set forth in paragraph 11 of the Amended Complaint.

12.     States that the judgment referenced in paragraph 12 of the Amended Complaint speaks for itself and is the best evidence of its own contents, and, therefore, ISS denies Semtek's attempt to summarize or characterize the contents of that judgment and states that no further response to the allegations set forth in paragraph 12 of the Amended Complaint is required.

13.     States that the order referenced in paragraph 13 of the Amended Complaint speaks for itself and is the best evidence of its own contents, and, therefore, ISS denies Semtek's attempt to summarize or characterize the contents of that order and states that no further response to the allegations set forth in paragraph 13 of the Amended Complaint is required.

14.     States that the order referenced in paragraph 14 of the Amended Complaint speaks for itself and is the best evidence of its own contents, and, therefore, ISS denies Semtek's attempt to summarize or characterize the contents of that order and states that no further response to the allegations set forth in paragraph 14 of the Amended Complaint is required, and denies any and all remaining allegations set forth in paragraph 14 of the Amended Complaint.

15.     Denies the allegations set forth in paragraph 15 of the Amended Complaint as stated.  To the extent that a further response is deemed necessary, ISS states that the order referenced in paragraph 15 of the Amended Complaint speaks for itself and is the best evidence of its own contents, and, therefore, ISS denies Semtek's attempt to summarize or characterize the contents of that order, states that no further response to the allegations set forth in paragraph 15 of the Amended Complaint is required, and denies any and all remaining allegations set forth in paragraph 15 of the Amended Complaint.

16.     Denies the allegations set forth in paragraph 16 of the Amended Complaint as stated.  To the extent that a further response is deemed necessary, ISS states that the default judgment referenced in paragraph 16 of the Amended Complaint speaks for itself and is the best evidence of its own contents, and, therefore, ISS denies Semtek's attempt to summarize or characterize the contents of that judgment, states that no further response to the allegations set forth in paragraph 16 of the Amended Complaint is required, and denies any and all remaining allegations set forth in paragraph 11 of the Amended Complaint.

17.     Denies the allegations set forth in paragraph 17 of the Amended Complaint.

18.     Denies the allegations set forth in paragraph 18 of the Amended Complaint as stated.  To the extent that a further response is deemed necessary, ISS admits only that Merkuriy was founded as a Russian limited liability company that was engaged in the design and development of ground communications, including ground stations for satellite communications. Further responding, ISS denies any and all remaining allegations set forth in paragraph 18 of the Amended Complaint.

19.     Denies the allegations set forth in paragraph 19 of the Amended Complaint as stated.  To the extent that a further response is deemed necessary, ISS admits only that NPO PM

was an enterprise wholly owned by the Russian state that was engaged in the business of developing and manufacturing a broad range of satellites and satellite systems. Further responding, ISS denies any and all remaining allegations set forth in paragraph 19 of the Amended Complaint.

20.     Denies the allegations set forth in paragraph 20 of the Amended Complaint as stated. To the extent that a further response is deemed necessary, ISS admits only that NPO PM manufactured Loutch satellite Nos. 1, 11, and 12. Further responding, ISS denies any and all remaining allegations set forth in paragraph 20 of the Amended Complaint.

21.     Denies the allegations set forth in paragraph 21 of the Amended Complaint.

22.     Denies the allegations set forth in paragraph 22 of the Amended Complaint.

23.     Denies the allegations set forth in paragraph 23 of the Amended Complaint as stated. To the extent that a further response is deemed necessary, ISS admits only that Merkuriy was reorganized into a limited liability company known as Merkuriy Telesat on or around January 29, 1999. Further responding, ISS states that the remaining allegations set forth in paragraph 23 of the Amended Complaint constitute conclusions of law to which no response is required. To the extent that a further response is deemed necessary, ISS denies any and all remaining allegations set forth in paragraph 23 of the Amended Complaint.

24.     Denies the allegations set forth in paragraph 24 of the Amended Complaint.

25.     Denies the allegations set forth in paragraph 25 of the Amended Complaint.

26.     Denies the allegations set forth in paragraph 26 of the Amended Complaint.

27.     Denies the allegations set forth in paragraph 27 of the Amended Complaint.

28.     Denies the allegations set forth in paragraph 28 of the Amended Complaint.

29.     Denies the allegations set forth in paragraph 29 of the Amended Complaint as stated.  To the extent that a further response is deemed necessary, ISS admits only that NPO PM was reformed under Russian Federation law into the joint stock company ISS on March 3, 2008.  Further answering, ISS denies any and all remaining allegations set forth in paragraph 29 of the Amended Complaint.

30.     Denies the allegations set forth in paragraph 30 of the Amended Complaint as stated.  To the extent that a further response is deemed necessary, ISS admits only that Sivirin is a Russian citizen.  Further responding, ISS denies any and all remaining allegations set forth in paragraph 30 of the Amended Complaint.

31.     Denies the allegations set forth in paragraph 31 of the Amended Complaint.

32.     Denies the allegations set forth in paragraph 32 of the Amended Complaint as stated.  To the extent that a further response is deemed necessary, ISS admits only that NPO PM was reformed under Russian Federation law on or around March 3, 2008.  Further responding, ISS denies any and all remaining allegations set forth in paragraph 32 of the Amended Complaint.

33.     Denies the allegations set forth in paragraph 33 of the Amended Complaint as stated.  To the extent that a further response is deemed necessary, ISS admits only that NPO PM was reformed under Russian Federation law on or around March 3, 2008.  Further responding, ISS denies any and all remaining allegations set forth in paragraph 33 of the Amended Complaint.

34.     Denies the allegations set forth in paragraph 34 of the Amended Complaint.

35.     ISS repeats, restates, and incorporates by reference herein its responses to paragraphs 1 through 34, inclusive, of the Amended Complaint.

36.     Denies the allegations set forth in paragraph 36 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

This Court lacks personal and subject matter jurisdiction over the plaintiff's claim because, *inter alia*, ISS is immune from suit under the Foreign Sovereign Immunities Act ("FSIA").

## THIRD AFFIRMATIVE DEFENSE

The plaintiff's claim is barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

The plaintiff's claim is barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

The plaintiff has waived any claims against ISS.

## SIXTH AFFIRMATIVE DEFENSE

The plaintiff is estopped from asserting any claims against ISS.

## SEVENTH AFFIRMATIVE DEFENSE

The plaintiff is barred from equitable relief by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

The plaintiff's claim for equitable relief is barred because the plaintiff has an adequate remedy at law.

## NINTH AFFIRMATIVE DEFENSE

The plaintiff has failed to mitigate its damages, if any.

## TENTH AFFIRMATIVE DEFENSE

The plaintiff has failed to join all necessary parties.

## ELEVENTH AFFIRMATIVE DEFENSE

Service of process has not been properly effectuated on ISS.

## TWELFTH AFFIRMATIVE DEFENSE

This action should be dismissed or transferred based upon improper venue or forum *non conveniens*.

## THIRTEENTH AFFIRMATIVE DEFENSE

The plaintiff's claim is barred because its damages, if any, were not due to any act or failure to act by ISS, but were caused solely by the acts of third parties for whom ISS is not responsible.

## FOURTEENTH AFFIRMATIVE DEFENSE

The plaintiff fails to state a claim upon which relief can be granted because the material law of the Russian Federation does not recognize the concepts of corporate alter ego or successor liability.

## FIFTEENTH AFFIRMATIVE DEFENSE

The plaintiff fails to state a claim upon which relief can be granted because there was no binding agreement entered into between Semtek and Merkuriy.

## SIXTEENTH AFFIRMATIVE DEFENSE

The plaintiff fails to state a claim upon which relief can be granted because the damages sought are speculative and/or impossible.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The plaintiff fails to state a claim upon which relief can be granted because the Racketeer Influenced and Corrupt Organizations ("RICO") Act cannot be applied extraterritorially to acts occurring primarily in the Russian Federation.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The plaintiff fails to state a claim upon which relief can be granted because the alleged breach of a letter of intent by Merkuriy does not adequately state a claim under the RICO Act.

## NINETEENTH AFFIRMATIVE DEFENSE

The plaintiff fails to state a claim upon which relief can be granted because the FSIA prohibits the award of punitive damages.

## TWENTIETH AFFIRMATIVE DEFENSE

The plaintiff fails to state a claim upon which relief can be granted because there was a failure of consideration.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The plaintiff fails to state a claim upon which relief can be granted because the judgment in the underlying lawsuit is not valid.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

ISS states that to the extent that any obligations were owed to plaintiff, such obligations have been fully, properly, and completely performed in all respects.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

ISS intends to add and rely upon such other and further defenses as may become apparent during the discovery of this action and reserves the right to amend its answer to assert such defenses.

## PRAYERS FOR RELIEF

WHEREFORE, ISS prays that this Court:

a.      Enter judgment in its favor with respect to each claim asserted in the plaintiff's Amended Complaint;

b.      Award ISS its costs and expenses, including reasonable attorneys' fees; and

c.      Grant ISS such other and further relief as this Court deems just and proper.

Respectfully submitted,

ACADEMICIAN M.F. RESHETNEV
INTERNATIONAL SATELLITE SYSTEMS,

By its attorneys,

*/s/ Zsaleh E. Harivandi*
Ralph T. Lepore, III (BBO #294420)
Michael T. Maroney (BBO #653476)
Benjamin M. McGovern (BBO #661611)
Zsaleh E. Harivandi (BBO #678891)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700
*ralph.lepore@hklaw.com*
*michael.maroney@hklaw.com*
*benjamin.mcgovern@hklaw.com*
*zsaleh.harivandi@hklaw.com*

Date: April 23, 2012

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Zsaleh E. Harivandi*

#11164563_v1